■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA HERNANDEZ, Appellant.—Judgment, Supreme Court, New York County (Mary Davis, J.), rendered October 24, 1989, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to three years to life imprisonment, unanimously affirmed.

We reject defendant's argument that suppression of physical evidence and statements was denied erroneously because the arresting officer's testimony at the suppression hearing regarding probable cause for defendant's arrest was incredible as a matter of law. The hearing court's decision set forth detailed findings of fact, within the context of well-reasoned credibility determinations. In particular, the hearing court noted the straightforward testimony of the arresting officer, that from a distance of five to seven feet, he observed what he believed to be a small portion of a gun handle protruding from a waist pouch worn by defendant. His observation was confirmed when he approached, despite defendant's attempt to conceal the pouch. The gun was seized and a substantial quantity of cocaine was recovered in a search incident to arrest. Through extensive cross-examination, the officer's testimony remained unimpeached. On the other hand, the hearing court viewed the testimony of defendant and his brother-in-law to be delivered with "seamless precision," and essentially incredible. Contrary to defendant's characterization of himself as a "sucker" who merely agreed to carry contraband for a friend who had expressed fear of police apprehension, the hearing court found defendant to be intelligent, articulate, and self-assured, offering specific and well rehearsed testimony. Additionally, the court found the testimony of defendant's brother-in-law to be uncommonly identical with that of defendant in virtually every aspect. The experienced hearing court is in the best position to determine credibility of witnesses appearing before it, and the record reveals ample support for the court's determination to deny suppression. *(See, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786.) Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.